[Cite as *Ehrhardt v. Tasz*, 2026-Ohio-2481.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KIMBERLY EHRHARDT

    Appellant

    v.

MATTHEW TASZ

    Appellee

C.A. No.    2025CA0077-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16 PA 0117

DECISION AND JOURNAL ENTRY

Dated: June 30, 2026

---

HENSAL, Judge.

{¶1} Kimberly Ehrhardt appeals a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that denied her objections to a magistrate's decision and adopted the decision of the magistrate. For the following reasons, this Court affirms.

I.

{¶2} The parties are the parents of a child who was born in 2016. In 2017, they agreed to a judgment entry and shared parenting plan that deemed Mother as the residential parent and ordered Father to pay child support. At the time of the agreement, Mother lived in Medina and Father in Norton.

{¶3} In 2024, Mother informed Father that she intended to move to Strongsville. Father filed a motion for restraining order and motion to modify the allocation of parental rights and responsibilities. The trial court denied the motion for restraining order and set the motion to

modify for hearing before a magistrate. Following the hearing, the magistrate issued a decision that changed the residential parent for school purposes to Father and altered the parties' schedule.

{¶4} On September 5, 2025, Mother timely filed objections to the magistrate's decision. A praecipe to the court reporter was filed the same day and the transcript was filed on October 20, 2025. Meanwhile, on October 14, 2025, the trial court denied Mother's objections, citing the lack of a transcript. Mother has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S OBJECTIONS FOR FAILING TO SUBMIT A TRANSCRIPT WHEN THE DELAY WAS NOMINAL AND OUTSIDE OF APPELLANT'S CONTROL.

{¶5} In her first assignment of error, Mother argues that the trial court incorrectly dismissed her objections to the magistrate's decision because of the lack of a transcript. She argues that she timely filed her objections and the praecipe, and that the completion of the transcript was out of her hands. According to Mother, the court reporter informed her on October 10 that the transcript would be filed by October 13 but ended up filing it on October 20. Mother also notes that the trial court had discretion to extend the time for the transcript to be filed. In its judgment entry, the trial court determined that all of Mother's objections involved issues that were based on the facts of the case and could not be reviewed without a transcript of the hearing.

{¶6} Civil Rule 53(D)(3)(b)(iii) provides that an objection a factual finding "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." "The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." *Id*. "If a party

files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." *Id*.

{¶7} Mother filed her objections to the magistrate's decision on September 5. The transcript, therefore, was due by October 5. Civ.R. 53(D)(3)(b)(iii). Mother acknowledges that she knew on October 10 that the transcript would not be prepared before October 13. She did not file a motion for extension of time for the preparation of the transcript before or after October 5 or an affidavit of the evidence. The trial court entered its decision on October 14. Considering Mother did not move to extend the time for preparation of the transcript, we are unable to conclude that the trial court erred when it denied Mother's objections instead of sua sponte extending the time for preparation of the transcript. *Waterford Pointe Condominium Assoc. v. Reserve Domiciles, Ltd.*, 2019-Ohio-691, ¶ 14 (9th Dist.) ("Civ.R. 53(D)(3)(b)(iii) places the burden for providing the transcript of proceedings or an appropriate substitute on the party objecting to the magistrate's factual determinations."). Mother's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT A CHANGE OF CIRCUMSTANCE HAD OCCURRED AND THAT THE BENEFITS IN A CHANGE IN THE CHILD'S ENVIRONMENT OUTWEIGHED THE HARM.

{¶8} In her second assignment of error, Mother argues that the trial court incorrectly determined that a change of circumstances had occurred and that the benefit of changing the child's environment outweighed the harm. Mother objected to the magistrate's determination of these issues, but the trial court concluded that they involved factual findings and that it could not review the magistrate's findings without a transcript.

{¶9} Because Mother failed to timely file a transcript of the hearing before the magistrate, she cannot "challenge the trial court's adoption of any of the magistrate's findings of

fact." *Hunters Trail Acquisitions, LLC v. Stasik*, 2021-Ohio-2224, ¶ 14 (9th Dist.). Whether a change of circumstances has occurred is a question of fact. *See Riggle v. Riggle*, 2002-Ohio-5553, ¶ 8 (9th Dist.). Whether the benefit of changing a children's environment outweighs the harm of the change is also a question of fact. *See McKiernan v. McKiernan*, 1984 WL 4750, *3 (9th Dist. Feb. 8, 1984). Accordingly, we conclude that the trial court correctly determined that it could not review the magistrate's findings without a transcript and correctly denied her objections as to those issues. Mother's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT A MODIFICATION OF THE PARENTING PLAN WAS IN THE BEST-INTEREST OF THE MINOR CHILD.

{¶10} In her third assignment of error, Mother argues that the trial court incorrectly determined that a modification of the parenting plan was in the best interest of the parties' child. "[W]hat is in the best interest of a child is primarily a question of fact . . . ." *Kokoski v. Kokoski*, 2013-Ohio-3567, ¶ 26 (9th Dist.). As with her second assignment of error, Mother's third assignment of error raises an issue that the trial court could not review without a transcript of the hearing before the magistrate. Upon review of the record, we conclude that the trial court correctly overruled Mother's objection regarding what is in the best interest of the parties' child. Mother's third assignment of error is overruled.

## III.

{¶11} Mother's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

ROBERT C. ALDRIDGE, Attorney at Law, for Appellant.

JOY S. WAGNER, Attorney at Law, for Appellee.